UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HUMPHREY O. UDDOH,**<br><br>Plaintiff,<br><br>v.<br><br>**SELECTIVE INSURANCE COMPANY,**<br><br>Defendants. | Civ. No. 2:10-cv-01804 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Humphrey O. Uddoh brings this National Flood Insurance Act action against Defendant Selective Insurance Company of America ("Selective"), alleging that Selective refused to pay for flood damage covered by Plaintiff's insurance policy on three occasions. This matter comes before the Court on the parties' cross-motions for summary judgment. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's motion is **DENIED**.

I. THE NATIONAL FLOOD INSURANCE PROGRAM

This action arises out of a flood insurance policy issued pursuant to the National Flood Insurance Program ("NFIP"). *See* 42 U.S.C. §§ 4001-4129. The NFIP is a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ("FEMA") pursuant to the National Flood Insurance Act of 1968 ("NFIA") and its corresponding regulations. *See* 44 C.F.R. §§ 59.1-77.2. Congress created the program to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance "available on reasonable terms and conditions" to those in need of it. *See* 42 U.S.C. § 4001(a). The NFIP is underwritten by the U.S. Treasury, and all flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds. 44 C.F.R. Pt. 62, App. A, Art. III(D)(1); *see also In re Van Holt*, 163 F.3d 161, 165 (3d Cir. 1998).

Pursuant to regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the "Write Your Own" ("WYO") program, under which private insurance companies write their own insurance policies. *See* 44 C.F.R. §§ 62.23-.24. However, FEMA fixes the terms and conditions of these policies, which must be issued without alteration as a Standard Flood Insurance Policy ("SFIP"), unless the insured obtains the express written consent of the Federal Insurance Administrator. 44 C.F.R. §§ 61.4(b), 61.13(d). Interpretation of the SFIPs is governed by federal common law. *Linder & Assocs. Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3d Cir. 1999). Because any claim paid by a WYO company is a direct charge to the U.S. Treasury, private insurers must strictly enforce the provisions set forth by FEMA, and courts must ensure that any conditions precedent to payment are strictly construed. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947); Am. Compl. Ex. 1 ("SFIP") Art. VII(R), ECF No. 17-1 ("You may not sue us to recover money under this policy unless you have complied with all the requirements of this policy.").

Among other conditions precedent to payment, the SFIP requires the insured to prepare a sworn proof of loss within 60 days of the loss that includes information such as an inventory of damaged property, specifications of the damaged buildings, and detailed documentation supporting the value of the loss and estimating the cost of repairs ("Proof of Loss"). *See* SFIP Art. VII(J)(3) and (J)(4). The SFIP states that an insurance adjuster may furnish the insured with the Proof of Loss form as "a matter of courtesy," but the insured "must still send the insurer a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help [the insured to] complete it." SFIP Art. VII(J)(7). The SFIP further states that the insurer "may accept the adjuster's report of the loss instead of [the insured's] proof of loss," but the insured "must sign the adjuster's report." SFIP Art. VII(J)(9).

## II.   FACTUAL BACKGROUND

The following facts are undisputed. Defendant Selective is a WYO Program carrier participating in the NFIP. Affidavit of Steven Weber ("Weber Aff.") ¶ 6, ECF No. 51-5. Selective issued a SFIP to Plaintiff for his home in Jersey City, New Jersey ("the building"), with effective dates from November 11, 2008 to November 11, 2009. Plaintiff made a claim for damage to the building caused by a flood that occurred on February 28, 2009, which Selective denied on March 13, 2009. *Id.* ¶¶ 10, 13. Plaintiff made a second claim for damage caused by a flood that occurred on November 8, 2009, which Selective denied on December 3, 2009. *Id.* ¶¶ 15, 21. In the course of inspecting the building to assess Plaintiff's second claim, Selective determined that the lower level of the building should be re-classified as a basement. *Id.* ¶ 22.

On January 22, 2010, Selective issued a revised SFIP to Plaintiff, with effective dates from November 11, 2009 to November 11, 2010. *Id.* ¶ 23. The revised SFIP was

re-rated to reflect that the building had a finished basement.[1] *Id.* ¶¶ 22, 23.  In response to the re-rating, Plaintiff contacted several Selective agents to object to the re-classification.  Pl.'s Aff. ¶¶ 26, 27, ECF No. 52-1.  One of the Selective agents promised Plaintiff that his policy would not be re-rated until a structural engineer was sent to assess the building.  Plaintiff later discovered that his policy was re-rated despite the fact that no structural engineer was sent.  *Id.* ¶ 27.  Plaintiff made a third claim for damage to the building caused by a flood that occurred on March 14, 2010.  Weber Aff. ¶ 24.  On April 6, 2010, Selective closed Plaintiff's third flood claim without payment, stating that the covered damages caused by the flood were less than Plaintiff's deductible.  *Id.* ¶ 28.  One day later, on April 7, 2010, Plaintiff faxed his own damage estimate to Selective, which Selective did not consider in adjusting Plaintiff's claim.  Pl.'s Aff. ¶ 33.

Plaintiff did not submit a Proof of Loss for his first, second, or third flood loss claims.  Weber Aff. ¶¶ 31-32.  There is no evidence of any written waiver by the Federal Insurance Administrator of the time period in which to submit a Proof of Loss.  *Id.* ¶ 33.

### III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

### IV. DISCUSSION

In his motion for summary judgment, Plaintiff asserts that Defendant is liable: (1) under federal law for breach of the SFIPs; and (2) under state law for re-rating Plaintiff's policy and mishandling his claims.  Defendant cross-moves for summary judgment on each of these theories of liability.  Each issue will be addressed in turn.

#### A. Breach of Contract

Plaintiff argues that Selective breached the SFIPs by failing to pay for his three flood claims.  Defendant argues that it is entitled to summary judgment on all three claims because Plaintiff failed to submit a Proof of Loss for any of those claims.  Defendant is correct.  It is well-established that an insured's failure to submit a Proof of

---

[1] The SFIPs in this matter are SFIP Dwelling Forms found at 44 C.F.R. Pt. 61, App. A(1).

Loss within 60 days bars recovery under a SFIP. *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 810 (3d Cir. 2005) ("strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP"); *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F.Supp.2d 523, 530 (D.N.J. 2000) ("Plaintiffs' failure to submit a proof of loss . . . bars Plaintiffs' present claim for additional payment"); *Miller v. Selective Ins. Co. of America*, No. 08–2296, 2009 WL 5033952, at *4 (D.N.J. Dec. 15, 2009) ("An insured's failure to comply with the proof of loss provision bars recovery on an otherwise valid claim").

In this case, it is undisputed that Plaintiff did not submit a Proof of Loss for any of his flood claims. *See* Weber Aff. ¶¶ 31-32. Moreover, there is no evidence of any written waiver by the Federal Insurance Administrator of the time period in which to submit a Proof of Loss. *See* Weber Aff. ¶ 33. Plaintiff asserts that he failed to submit a Proof of Loss for these claims because the insurance adjuster refused to provide him with the Proof of Loss forms. However, the SFIP explicitly states that the insured "must still send [Selective] a proof of loss within 60 days after the loss ***even if the adjuster does not furnish the form***." SFIP Art. VII(J)(7) (emphasis added). Plaintiff further argues that he was not required to submit Proof of Loss under SFIP Art. VII(J)(9), because Selective accepted the adjuster's report of the loss. However, it is undisputed that Plaintiff did not sign any of the adjuster's reports, as required under Art. VII(J)(9) of the SFIP. Construing the SFIP requirements strictly, it is clear that the conditions precedent to payment were not met in this case. Thus, Plaintiff is not entitled to reimbursement for any of his claims.

Accordingly, summary judgment must be entered for Defendant on the breach of contract claims.[2]

### B. State Law Causes of Action

In Plaintiff's summary judgment papers, Plaintiff attempts to assert a variety of state law causes of action, including: (1) fraudulent procurement; (2) violations of the New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1); (3) waiver; (4) estoppel; (5) bad faith; and (6) respondeat superior.[3] Plaintiff argues that Selective is liable for the way it handled Plaintiff's claims, and for re-rating Plaintiff's SFIP after erroneously re-classifying the lower level of Plaintiff's building as a basement. Plaintiff does not clearly delineate between causes of action arising from the re-rating and those arising from

---

[2] Because Defendant is entitled to summary judgment based on Proof of Loss, the Court does not reach Defendant's remaining arguments that Plaintiff's claims were properly denied. *See Suopys*, 404 F.3d at 809 ("the failure to timely file the proof of loss standing alone warranted entry of summary judgment").

[3] These claims were not included in the Amended Complaint, and are not properly raised for the first time on a motion for summary judgment. However, because Plaintiff is *pro se*, the Court will nevertheless address these issues.

claims handling, but regardless of what theory is alleged, Plaintiff's arguments are unavailing.

First, to the extent that the state law causes of action arise out of the way that Selective handled Plaintiff's claims, these causes of action are preempted. *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 272, 269 n.6 (3d Cir. 2004) (state law tort claims arising from a SFIP are preempted by the NFIA); SFIP Art. IX ("This policy and all disputes arising from the handling of any claim under the policy are governed ***exclusively*** by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law.") (emphasis added).  Further, courts have widely recognized that the regulatory design of the NFIP immunizes WYO insurers from responsibility for their insurance agents' representations to the insured. *Eodice v. Selective Ins. Co. of Am.*, No. 08-151, 2010 U.S. Dist. LEXIS 13090, at *29 (D.N.J. Feb. 8, 2010).

Second, to the extent that the state law causes of action arise out of the re-rating of Plaintiff's SFIP, they must also fail because the undisputed facts establish that the lower level of Plaintiff's building was properly re-classified as a basement.  The SFIP defines "basement" as "any area of the building . . . having its floor subgrade (below ground level) on all sides." SFIP art. II(B)(5).  In this case, Plaintiff acknowledges that the first floor of the building is below ground level on all sides. *See* Pl.'s Reply Aff. ¶ 85 ("the lowest level of the ground floor apartment at the subject premises sits . . . 8 inches below the actual street level").  Plaintiff nevertheless argues that the lowest level of his building cannot be a basement because it is 10 inches above the natural grade of the street that existed when the building was built.  In other words, Plaintiff argues that phrase "ground level" refers to the ground level at the time of construction, not at the time of the flood.

The Third Circuit has explicitly rejected Plaintiff's interpretation of the SFIP.   In *Linder & Assocs. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547 (3d Cir. 1999), the Third Circuit held that the term "ground level" in the SFIP means "the ground level at the time of the flood," not "the natural grade existing at the time the building was built." *Id.* at 551, 550.  The Third Circuit found that, "[i]f a person must step up when exiting the lower level to the outside, the lower level is below ground level and, thus, is a basement." *Id.* at 550.  The Court further stated that "[t]his is true even if one must step up ***only an inch*** when going outside." *Id.* at 550 (emphasis added).  Because Plaintiff acknowledges that the lower level of his building was "8 inches below the actual street level" at the time of the floods, the lower level of his building was properly re-classified as a basement. Pl.'s Reply Aff. ¶ 85; *see also* SFIP Art. I (stating that the insurer has the right to revise the policy at any time); SFIP Art. VII(G)(2) (stating that the "policy can be reformed" upon discovery of  "incomplete rating information before a loss" or "after a loss").  Thus, there are no disputed material facts warranting a trial.

Accordingly, summary judgment must be entered for Defendant on Plaintiff's state law causes of action.

## V.     CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**, Plaintiff's motion for summary judgment is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 20, 2012**